[No. 21369.    Department Two.    December 20, 1928.]

FRANK HAMILTON, *Respondent,* v. SOPHIA JOHNSON, *et al., Appellants.*[1]

*Harry Ellsworth Foster* and *Carl J. Smith,* for appellants.

*Stratton & Kane* and *Elmer W. Leader,* for respondent.

[1]Reported in 272 Pac. 986.

PARKER, J.—The plaintiff, Hamilton, commenced this action in the superior court for King county, seeking an accounting from the defendant Mrs. Johnson as his partner, and from the defendant Smith as attorney for the partnership. Trial upon the merits resulted in a judgment being rendered in favor of Hamilton, awarding to him recovery from Mrs. Johnson of certain shares of corporate stock and money as his share of the partnership property in her hands, and awarding to Hamilton recovery from Smith of money as his share of the partnership funds in Smith's hands as attorney for the partnership. From this judgment both Mrs. Johnson and Smith have appealed to this court.

On August 23, 1920, C. F. Johnson died intestate in King county, leaving property therein consisting in part of his partnership interest in an undertaking business, which had for some eighteen years prior thereto been owned and conducted in Seattle by him and Hamilton as partners. On September 3, 1920, Mrs. Johnson, wife of C. F. Johnson, deceased, was, by the superior court for King county, appointed and became the duly qualified and acting administratrix of her husband's estate. Neither Hamilton nor Mrs. Johnson ever assumed any control over the partnership property or the affairs in the partnership, as administrator or administratrix of the partnership estate; but soon after the death of C. F. Johnson, they entered into a new partnership between themselves, she taking the place of her deceased husband, and they assuming control and ownership of the whole of the partnership property and continuing the business as their own, wholly apart from the administration of the estate of her deceased husband. This was done by express consent of the heirs of the deceased husband,

who were all of full age and all of whom conveyed to Mrs. Johnson all their inherited interest in the partnership property.

·The business was so continued, both Hamilton and Mrs. Johnson participating in its operation and sharing in its profits, until January 1, 1923, when they organized a corporation and named it "Johnson & Hamilton, Inc.," and transferred to it all the physical property of the partnership, each taking one-half of the shares of the capital stock of the corporation in payment for the physical property of the partnership. The other property of the partnership, consisting principally of accounts receivable, was retained as partnership property, the proceeds thereof to be divided, as realized from time to time, equally between them.

Thereafter the partnership continued to exist only for the purpose of reducing this property to money and the division of its proceeds between them. As the result of a prior action in the superior court of King county, there was adjudicated an accounting between Hamilton and Mrs. Johnson as of October 29, 1925. There then remained a considerable amount of undivided partnership property not yet reduced to money, which was not involved in that accounting. It is with reference to the proceeds of this property that Hamilton seeks in this action an accounting for his share, as against Mrs. Johnson, and also as against Smith, attorney for the partnership, in whose hands a considerable portion of its proceeds is held. The debts of the former and present partnership have long since all been paid in the conducting of the new partnership business, and not as claims presented to or allowed by Mrs. Johnson as administratrix of her deceased husband's estate. At all times in question Mrs. Johnson has been, by virtue of her community right, her inheri-

tance right and the assignment from the other heirs, the sole owner of one-half of the property of the former and present partnership, and Hamilton the sole owner of the other half.

It is contended in behalf of appellants that this accounting should be had in the administration of the estate of C. F. Johnson, deceased, upon the theory that Mrs. Johnson's administration of that estate included the administration of the former partnership of which he and Hamilton were members, Hamilton not having claimed the right to administer the partnership affairs.

It may be conceded that Mrs. Johnson had the right of administration to that extent, but she never assumed any such administration right. She and Hamilton entered into a new partnership immediately upon the death of her husband, and then they jointly assumed entire ownership and control in their private right over the entire partnership property and continued the business as a new partnership until it passed to the corporation they organized on January 1, 1923. We have seen that there never have been at any time any rights of creditors or rights of heirs of C. F. Johnson in the least impaired by the course of action taken by Hamilton and Mrs. Johnson in the formation of their new partnership and its taking over the business and property of the former partnership. Plainly, we think an accounting between them with reference to the property of their partnership left after the adjudicated accounting which was had as of October 9, 1925, is a proper subject-matter for determination in this action, wholly apart from the administration of the estate of C. F. Johnson, deceased.

Some contention is made in behalf of appellants that there is, in effect, another action pending,

seeking the same relief by Hamilton as he here seeks. This is rested upon the fact that Hamilton filed in the probate proceeding, in which Mrs. Johnson is administratrix of her husband's estate, a petition asking for the same relief he here asks. That petition, as we view this record, was dismissed by the court upon the theory that the court had no jurisdiction to entertain it in the probate proceeding, evidently because it involved an accounting between Hamilton and Mrs. Johnson as partners. This, we think, left Hamilton free to seek an accounting by this action. That petition the court held, in effect, to be a mistaken remedy on the part of Hamilton, and thus became the law of any controversy arising between them as to accounting between themselves with reference to their partnership affairs.

Contention is made in behalf of appellants, in substance, that in this accounting action there should have been allowed to Mrs. Johnson administratrix's fees and expenses as for administration of the partnership property, and that there should have been allowed to Smith attorney's fees for services rendered to Mrs. Johnson as administratrix. The answer to these contentions is that neither she nor Smith ever performed any services, touching the management of this partnership or its property, as administratrix or as attorney for her as administratrix. Mrs. Johnson was not entitled to any special compensation for the management of this partnership property, looking to its ultimate division between them, any more than Hamilton was entitled to such compensation, there being no agreement between them for any such compensation. Indeed, there is no showing here that one rendered any more service to the partnership than the other in that respect. Smith was, by the court, in this action, allowed fair compensation for his services

rendered to the partnership, out of the funds of the partnership in his hands.

The judgment is affirmed.

FULLERTON, C. J., MAIN, and FRENCH, JJ., concur.